Dewey, J.
The Indianapolis Insurance Company brought a joint suit against Livingston the maker, and Jamison the indorser, of a promissory note payable and negotiable at the Branch Bank at Indianapolis. The declaration also contains the common money counts. Pleas, usury in general terms to the first count; and the general issue to the whole declaration. Special demurrer to the plea of usury sustained.- Judgment for the plaintiffs.
The action is founded on the statute which authorizes joint suits against the makers and indorsers of negotiable notes. Stat., 1839, p. 38.
The plea of usury being couched in general language, not specifying the particulars of the contract, was correctly overruled on the special demurrer.
On the trial of the cause, the plaintiffs having given in evidence the note described in the first count of the declaration, the defendants introduced a witness, and proposed to prove by him, that the note in question had been given by Livingston to the plaintiffs on a usurious contract, and that the illegal interest was included in the sum of money promised to be paid by the note. The witness, after- stating on oath, that he was a member of the Indianapolis Insurance Company, their secretary and agent, and that he had personally transacted the business which gave rise to the note, claimed that he was privileged from making the disclosure sought of him, on the ground that in his belief it had a tendency to criminate himself. The Court sustained his claim of privilege, and excused him from testifying.
The appellants contend, that by the statute regulating interest on money, the crime of usury consists in the actual *143 taking or receiving illegal interest; and that, therefore, the Circuit Court erred in exempting the witness from giving testimony, having for its object the establishment of only the usurious contract.
We admit the premises of the appellants, but we do not concur in their conclusion. The statute alluded to fixes the rate of interest at six per centum per annum, unless a higher rate not exceeding ten per cent, be agreed upon in writing; and it forbids all persons and corporations to “talce or receive,” directly or indirectly, more than the specified rates. It then enacts: “If any person, either directly or indirectly, shall demand or receive any greater rate of interest than shall be lawful,” he shall on conviction by indictment be fined, &c., “ in double the amount of the excess of interest so received above the amount by law allowed.” R. Stat., 1838, p. 336. As the penalty for a violation of this law is made to depend entirely on the amount of unlawful interest actually received, it is impossible to conceive that the Legislature designed to make the crime consist in the mere contract for or demand of usury. The ambiguity of expression was probably occasioned by the inadvertent use of the word “ demand,” in the penal part of the' statute, in the place of “take” which is repeatedly and invariably used in connection with receive in the preceding passages.
It does not, however, follow from this construction of the statute, that the witness was bound to give evidence showing that the contract in question was usurious. No man is bound to criminate himself, or to give evidence of facts tending to prove him guilty of. a crime. A witness is not compellable to give an answer which would, at once, disclose his guilt; nor is he obliged to answer to any fact which might form a link in the chain of evidence necessary to his conviction. It is the province of the Court, in the first instance, to judge whether the answer may criminate, or tend to criminate him; and if it be of that character, it is the right of the witness, who alone knows what his answer will be, to judge what will be the consequence of answering; and if he declare, under oath, that the answer will criminate him, or have that tendency, he may refuse to *144 testify. 1 Stark. Ev., 135; 3 Ib., 1740; Cates v. Hardacre, 3 Taunt., 424; 1 Burr’s Trial, 245; East India Co. v. Campbell, 1 Ves. sem., 246; Cooper’s Eq. Pl., 204; Story’s Eq. Pl., 423.
<7. Fletcher,■ 0. Butler, and 8. Ycmdes, for the appellants.
P. Bweetser, for the appellees.
In the case presented by the record, if any usurious ^contract existed, the witness was knowingly a party to it. It is evident that such a contract might form a step in a prosecution against him for usury. Whether an offense was consummated by the actual reception of unlawful interest is not disclosed. Such might have been the fact; and the witness, knowing the truth, might well conceive that the establishment of the contract on which the usury was received would tend to his conviction, should he be prosecuted criminally. The Circuit Court committed no error in excusing the witness from testifying as to the existence of the usurious contract.
Per Cwriam.—The judgment is affirmed with costs.